# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN RAPHAEL ROBERTS, | Case No. 1:13-cv-00970-SKO (PC) |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT FOR FAIULRE TO STATE A CLAIM AGAINST DEFENDANT ALLEN, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| CDCR, et al., | |
| Defendants. | (Doc. 1) |

## First Screening Order

### I. Screening Requirement and Standard

Plaintiff Sean Raphael Roberts, a state prisoner proceeding pro se, filed this civil action in Tuolumne County Superior Court on March 8, 2013. Plaintiff seeks relief for the violation of his federal constitutional rights, for violation of 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000), and for violation of California law. Defendant Allen filed a notice of removal on June 21, 2013. 28 U.S.C. § 1441(b).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, which provides a cause of action for the alleged violation of Plaintiff's federal constitutional rights, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.    Discussion**

    **A.    Claims Against Defendant Allen**

Defendant C. Allen is Chief Physician and Surgeon at Sierra Conservation Center in Jamestown, California, where Plaintiff is incarcerated. Plaintiff is Muslim and he objects to female medical staff viewing his unclothed body. Plaintiff alleges that Defendant Allen granted his inmate appeal regarding his request to be seen by male medical practitioners. However, in a subsequent interview, Defendant Allen told Lieutenant Bick that the appeal was limited to a one-time event, because the medical care at issue already occurred and the appeal response did not apply to future medical care.

Although Plaintiff alleges a myriad of state and federal claims against Defendant Allen, Plaintiff's complaint is devoid of any facts which support a claim for relief against Defendant

Allen. As an initial matter, the existence of an inmate appeals process does not create any substantive rights such that Plaintiff may seek to impose liability on Defendant Allen for his actions in reviewing and responding to the appeal. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

With respect to Plaintiff's federal claims, Plaintiff's complaint is devoid of any facts showing that Defendant Allen acted with deliberate indifference to Plaintiff's serious medical needs, *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), and/or that Defendant Allen substantially burden the practice of Plaintiff's religion, *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124-25 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

Similarly, Plaintiff's allegations do not support any claims for relief under state law against Defendant Allen.[1] Defendant Allen was not directly involved in the underlying events giving rise to Plaintiff's claims and his participation in resolving Plaintiff's inmate appeal does not provide any basis for imposition of liability against him under California law.

### III.   Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted against Defendant Allen. The Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes in good faith he can state a claim against Defendant Allen. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what Defendant Allen did that led to the deprivation of Plaintiff's federal rights, and liability may not be imposed on Defendant Allen under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101

---

[1] Plaintiff alleges state law claims for medical malpractice, sexual harassment, and intentional infliction of emotional distress.

1  (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to
2  relief above the speculative level. . ," *Twombly*, 550 U.S. at 555 (citations omitted), and tangential
3  involvement in the underlying violation does not suffice to support a claim for relief, *e.g.*, *Crowley*
4  *v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *Lemire v. California Dep't of Corr. and Rehab.*,
5  726 F.3d 1062, 1074-75 (9th Cir. 2013).

6      Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa*
7  *County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without
8  reference to the prior or superceded pleading," Local Rule 220.

9      Accordingly, it is HEREBY ORDERED that:

10     1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim
11  against Defendant Allen;

12     2.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

13     3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
14  amended complaint; and

15     4.   If Plaintiff fails to file an amended complaint in compliance with this order,
16  Plaintiff's claims against Defendant Allen will be dismissed, with prejudice, for failure to state a
17  claim and this action will be remanded to Tuolumne County Superior Court.

IT IS SO ORDERED.

Dated:   **April 17, 2014**              /s/ Sheila K. Oberto
                                   UNITED STATES MAGISTRATE JUDGE