# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN RAPHAEL ROBERTS,<br><br>    Plaintiff,<br><br>   v.<br><br>CDCR, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:13-cv-00970-SKO (PC)<br><br>Tuolumne Superior Court Case No. CV58067<br><br>SECOND SCREENING ORDER DISMISSING CLAIMS AGAAINST DEFENDANT ALLEN, WITH PREJUDICE, FOR FAIULRE TO STATE A CLAIM AND REMANDING ACTION TO TUOLUMNE SUPERIOR COURT<br><br>(Doc. 9) |

## Second Screening Order

### I.  Procedural History

Plaintiff Sean Raphael Roberts ("Plaintiff"), a state prisoner proceeding pro se, filed this civil action in Tuolumne County Superior Court on March 8, 2013.  Plaintiff seeks relief for the violation of his federal constitutional rights and for violation of 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")).  Defendant Allen filed a notice of removal on June 21, 2013.  28 U.S.C. § 1441(b).

On April 18, 2014, the Court dismissed Plaintiff's claims against Defendant Allen, with leave to amend, for failure to state a claim.  Plaintiff filed an amended complaint on May 5, 2014.

///

///

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, which provides a cause of action for the alleged violation of Plaintiff's federal constitutional rights, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *e.g.*, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## III. Discussion

### A. Summary of Allegations Against Defendant Allen

Defendant Curtis C. Allen is Chief Physician and Surgeon at Sierra Conservation Center in Jamestown, California, where Plaintiff is currently incarcerated.

1       Plaintiff alleges that in 2011, he was diagnosed with a double hernia and prescribed medication which made him ill.  After being prescribed a new medication, Plaintiff put in a request to be seen by his primary care physician.  Plaintiff was instead seen by C. Clegg, a female registered nurse.

      Nurse Clegg directed Plaintiff to expose his genital area, apparently so she could evaluate his hernia.  Plaintiff alleges that he informed Nurse Clegg he is a practicing Muslim and for religious reasons, he did not want to expose that area of his body to her.

      Plaintiff thereafter filed an inmate appeal stating that it violated his religious beliefs to expose his genitals to Nurse Clegg as she directed.  Defendant Allen granted Plaintiff's inmate appeal in full.

      For the next year, Plaintiff was repeatedly seen by Nurse Clegg and requested to expose his genitals.  Nurse Clegg informed Plaintiff that he would not be allowed to see the doctor because his granted appeal was rescinded.

      Plaintiff filed another appeal and wrote a letter to the Office of Internal Affairs.  Plaintiff's letter was sent to Warden Heidi Lackner for investigation and during the investigation, Defendant Allen stated the appeal had been granted for one day.

      Plaintiff alleges that Defendant Allen's decision to grant his appeal for only one day forces him to make a choice between missing medical appointments and violating his religion, which puts his health in peril.

### B.     Plaintiff's Claims

      As an initial matter, the existence of an inmate appeals process does not create any substantive rights such that Plaintiff may seek to impose liability on Defendant Allen merely based on his actions in reviewing and responding to Plaintiff's inmate appeal.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).

      With respect to what appear to be Plaintiff's federal claims, Plaintiff's amended complaint is devoid of any specific facts supporting a claim that Defendant Allen acted with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment, *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), or that Defendant Allen substantially burden the

practice of Plaintiff's religion, in violation of the First Amendment and/or RLUIPA, *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124-25 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).[1] While the Court is mindful that Plaintiff is proceeding pro se, *e.g.*, *Hebbe*, 627 F.3d at 342, the mere possibility of misconduct will not support a claim for relief under federal law, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969, and here, even viewed through the requisite lens of leniency, Plaintiff's vague allegations of misconduct against Defendant Allen do not suffice to support a plausible claim for relief under federal law.

### IV.     Conclusion and Order

Plaintiff's amended complaint fails to state any claims upon which relief may be granted against Defendant Allen. Plaintiff was previously provided with the opportunity to amend and based on the nature of the deficiencies, further leave to amend is not warranted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's claims against Defendant Allen are DISMISSED, with prejudice, for failure to state a claim; and

2.     This action is REMANDED to Tuolumne County Superior Court for further proceedings.

IT IS SO ORDERED.

Dated:   **May 20, 2014**                    /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] The Court expresses no opinion on the viability of claims against other defendants, as the Court's jurisdiction is limited to the claims against Defendant Allen.